# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-13-414

| | |
|---|---|
| | **Opinion Delivered** October 2, 2013 |
| ROBERT EMMONS and KIMBERLY EMMONS | |
| APPELLANTS | APPEAL FROM THE CRAIGHEAD COUNTY CIRCUIT COURT, WESTERN DISTRICT [NO. JV-2011-98] |
| V. | |
| | HONORABLE CINDY THYER, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES | |
| APPELLEE | AFFIRMED |

## JOHN MAUZY PITTMAN, Judge

This is an appeal from an order terminating appellants' parental rights to their five children. The children were taken into protective custody after a home inspection following one of Mrs. Emmons's several arrests revealed that the children had been subjected to environmental and educational neglect. Efforts to reunite the family continued for almost two years, but after both parents continued to test positive for illegal drug use, the goal was changed to termination. Appellants argue on appeal that the trial court clearly erred in terminating their parental rights. We affirm.

An order terminating parental rights must be based on the court's finding by clear and convincing evidence that termination is in the best interest of the juvenile, taking into consideration (1) the likelihood that the juvenile will be adopted if the termination petition is granted and (2) the potential harm, specifically addressing the effect on the health and safety

of the child, caused by returning the child to the custody of the parent. Ark. Code Ann. §
9-27-341(b)(3)(A)(i) and (ii) (Supp. 2011). The trial court must also find by clear and
convincing evidence that one or more statutory grounds for termination exists. Ark.Code
Ann. § 9–27–341(b)(3)(B). The statutory grounds include:

> That a juvenile has been adjudicated by the court to be dependent-neglected and has
> continued to be out of the custody of the parent for twelve (12) months and, despite
> a meaningful effort by the department to rehabilitate the parent and correct the
> conditions that caused removal, those conditions have not been remedied by the
> parent.
>
> . . . .
>
> That other factors or issues arose subsequent to the filing of the original petition for
> dependency-neglect that demonstrate that placement of the juvenile in the custody
> of the parent is contrary to the juvenile's health, safety, or welfare and that, despite the
> offer of appropriate family services, the parent has manifested the incapacity or
> indifference to remedy the subsequent issues or factors or rehabilitate the parent's
> circumstances that prevent the placement of the juvenile in the custody of the parent.

Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) and (vii)(*a*). On appeal, the issue is whether the
trial court's finding that the fact was proved by clear and convincing evidence is clearly
erroneous. *McDaniel v. Arkansas Department of Human Services*, 2013 Ark. App. 263. A
finding is clearly erroneous when the appellate court is, on the entire evidence, left with a
definite and firm conviction that a mistake has been made. *Id*. In deciding whether a finding
of the trial court is clearly erroneous, we give great deference to the superior opportunity of
the trial court to observe the parties and to judge the credibility of witnesses. *Id*.

On April 7, 2011, a petition for emergency custody was filed by appellee. It alleged
that a protective-services case was opened on the family in December 2010, based on
environmental and educational neglect. The petition further alleged that appellant Kimberly

Emmons did not attend scheduled family services, did not remedy the children's truancy problem, twice tested positive for methamphetamine, and was incarcerated several times on charges ranging from hot checks to driving on a suspended license. The petition also noted that appellant Robert Emmons was paralyzed from the neck down.

After the children were removed, the children were adjudicated dependent–neglected, and a plan to reunite the family by remedying the family's dysfunctions was established. In a review order of October 18, 2011, from which no appeal was taken, the trial court found that the Department of Human Services had made reasonable efforts to provide services to achieve the goal of permanency but that neither of the appellants had fully complied with the case plan. The order noted that appellant Kimberly Emmons had manifested noncompliance by failing to establish and maintain stable housing, stable employment, and an environment suitable to children; by her arrest on outstanding warrants; by failing to complete parenting classes; and by refusing one drug screen and testing positive for methamphetamine on another. The order found that appellant Robert Emmons failed to comply with the case plan by twice testing positive for THC, by not maintaining contact with the Department, and by not visiting the children.

In a review order of April 3, 2012, which was not appealed from, the trial court again found that the Department had made reasonable efforts to provide family services, including transportation, and that both appellants had failed to comply with the case plan. Appellant Kimberly Emmons was found to have failed to maintain stable housing and employment, and appellant Robert Emmons was again found to have failed a drug test, failed to maintain

3

contact with the Department, and failed to visit the children. A permanency-planning hearing subsequently was held and, in an order entered August 1, 2012, the trial court found that Kimberly Emmons still had not obtained stable housing and employment, and that appellant Robert Emmons had again tested positive for THC. No appeal was taken from that order. In a fifteen-month review order entered October 11, 2012, the trial court changed the case goal to termination of parental rights, finding that appellant Kimberly Emmons had failed to comply with the case plan by not maintaining stable employment and by not resolving all of her criminal issues. Appellant Robert Emmons was found to have not complied with the case plan by failing to resolve all of his criminal issues so as to remain free. No appeal was taken from that order. After a hearing, an order terminating appellants' parental rights was issued on March 4, 2013, finding that, despite the provision of abundant reunification services, including reasonable accommodations for the disability of appellant Robert Emmons, both appellants had failed to remedy the conditions causing removal. The trial court, noting that Kimberly Emmons could not care for the children because she was again incarcerated with other felony charges pending and that Robert Emmons had not remained drug free, found that it would be contrary to the children's health and safety to return them to the home and that it was in the best interests of the juveniles to terminate parental rights.

Appellant Kimberly Emmons argues that she was making progress despite her relapses, but it is well settled that evidence that a parent begins to make improvement as termination becomes more imminent will not outweigh other evidence demonstrating a failure to comply

and to remedy the situation that caused the children to be removed in the first place. *Camarillo-Cox v. Arkansas Department of Human Services*, 360 Ark. 340, 201 S.W.3d 391 (2005). Appellant Robert Emmons argues that, because he is a quadriplegic, he should, under the Americans with Disabilities Act, have been given transportation to a drug assessment that he failed to attend. However, the previous orders of the trial court finding that reasonable services had been provided were not appealed, and we are thus precluded from reviewing the trial court's previous findings that reasonable efforts had been made to rehabilitate the family. *See Jones-Lee v. Arkansas Department of Human Services*, 2009 Ark. App. 160, 316 S.W.3d 261. In any event, there was evidence that he had available transportation, that he never requested the transportation now mentioned, and that he continued to use illegal drugs throughout the case. On our *de novo* review of the record, we conclude that the trial court did not clearly err in terminating appellants' parental rights.

Affirmed.

WALMSLEY and VAUGHT, JJ., agree.

*Janet Lawrence*, for appellants.

*Tabitha B. McNulty*, County Legal Operations, and *Chrestman Group, PLLC*, by: *Keith L. Chrestman*, for appellees.